Allen v. Carman.

allowed.    If the proceeding was to foreclose a mortgage, any claim of the mortgagor against the mortgagee might be set up to reduce the amount of the plaintiff's recovery.    And as this proceeding is of an equitable character, a set off is peculiarly proper.

Under the previous lien laws, a set off of this nature was always admitted, and even where the action was between the laborer and the owner, any *bona fide* set off between the contractor and owner, was held to be a good defence to the laborer's claim.    (*Miner* v. *Hoyt*, 4 Hill, 193.)

The defendant is entitled to judgment on the demurrer, with leave to the plaintiff to reply to the counter claim set up in the answer, on the usual terms.

Ordered accordingly.

---

WILLIAM ALLEN *v.* RICHARD F. CARMAN.

Where, in pursuance of a mutual understanding, the contractor, instead of receiving a payment on the contract in cash, had been credited by the owner with the amount of a debt due by the contractor to the owner; it was *held*, in a proceeding by a claimant under the lien law, that such crediting was equivalent to a payment, and that having been made in good faith before the notice of claim was filed, it *pro tanto* discharged the owner from liability.

Where, before the notice of lien is filed, the contractor has abandoned the contract, having been paid in full for all work performed thereunder; the claimant can take nothing by his lien, although the owner employs another person to go on and complete the building, and payments thereafter become due to such third person.

GENERAL TERM, JULY, 1853.

ACTION in the marine court, under the mechanics' lien law of 1851.    The plaintiff recovered a judgment in the court below, and an appeal was taken to this court by the defendant. The opinion contains a full statement of the facts.

*J. Brice Smith*, for the appellant.

*M. Doheny* and *T. H. Hurley* for the respondent.

By THE COURT. DALY, J.—This judgment was erroneous. The respondent, Allen, worked from October to March, 1852, upon certain buildings which one Smith had contracted to build for Carman, the appellant; upon which work there was due to him, from Smith, a balance amounting to $78 70. In May, 1852, his work having been finished in the March preceding, he filed the usual notice of lien, and claimed in the action below, to recover the $78 70 from Carman, as a lien upon the fund in his hand, due to Smith under the contract. It appeared by the contract that Smith was to finish the buildings for $5,000; that in March, before Allen filed his lien, Smith notified Carman of his inability to go on and complete the buildings, and that, in consequence, Carman employed one Angevine to finish them, at a cost of $3,497 14. When Smith gave this notice, he had received $2,972 under the contract, $2,000 of which consisted of a claim Carman had against him for lumber supplied before the making of the contract, for which Smith was given credit by Carman on general account. He thus received $972 in cash, and the balance, $2,000, went to discharge the claim which Carman had against him for the lumber. This appears to have been the position of Carman and Smith, as owner and contractor, when Allen filed his lien in May; and if the $2,000 was good as a payment under the contract, then it may fairly be presumed that Smith was fully paid up when he abandoned the work in March, inasmuch as it cost Carman $3,497 14 to get it completed; $1,269 14 more than Smith was to receive for doing it.

Upon this state of facts, the justice rendered judgment for the plaintiff, Allen, for the sum of $78 70, upon the grounds, as appears by his opinion,

1. That the application of the money due under the contract, in discharge of the debt due by Smith to Carman, though made *bona fide*, and a sufficient discharge as between the parties, could not be deemed a payment affecting the lien subsequently docketed by Allen.

2. That the owner having concluded to go on with the work himself, was not authorized to make payments for the work subsequently done to the prejudice of Allen, the plaintiff.

3. If the contract was put an end to, and the owner took upon himself the completion of the building, he had then the benefit of the plaintiff (Allen's) work, and was liable to Allen on the *quantum meruit*, as to any moneys payable under the contract at the time of the filing of the lien, which had not been actually, in good faith, paid by the owner to the contractor.

It was held by the court, in *Doughty* v. *Devlin*, general term, May, 1852, (*ante*, p. 625,) that all sub-contractors with the contractor, must, so far as they rely upon the owner or his house, as security under the mechanics' lien law, be deemed to do so in *subordination to the owner's contract*, and upon the credit which the terms of such contract offer for their reliance. That the owner cannot be compelled to pay any greater sum than the contract price, and that all payments made by him to the contractor in good faith, before notice of the lien, are to be allowed to him, in determining whether any balance remains due to the contractor to which the lien may attach. Now, the giving of Smith credit for $2,000, was equivalent to a payment. It was not to be expected that having a claim against Smith to that amount, Carman should make a payment in cash, (see *Owens* v. *Ackerson*, *ante*, p. 691, and *Miner* v. *Hoyt*, 4 Hill, 193,) when the two first payments were due under the contract, of $1,100 each. They did what was natural and proper, applied one debt, as far as it went, in payment of another. That is, Carman having an account against Smith for lumber, to $2,000, gave Smith credit on that account, to $2,200, by which adjustment Carman remained Smith's debtor to $200. He subsequently paid the $200, and $772, making altogether, of payments on the contract, $2,972, leaving $2,028 as the balance of the contract price of $5,000,—$1,469 less than the sum Carman had to pay to get the work finished. If this affords any presumption, it is, that Smith was over paid at the time he threw up the contract;

that nothing was coming to him, to which the lien of Allen would attach.

In respect to the second ground, assigned by the judge below, it is simply necessary to say, that all that Allen could acquire, was a lien upon any moneys in the hands of Carman, due to the contractor. If there was nothing due to him when the lien was docketed, and nothing became due afterwards in consequence of his throwing up the contract, Allen, of course, could acquire nothing. Carman does not become responsible for the payment of Allen's claim because he is compelled to get the house finished by others. It would be preposterous, indeed, if after paying the contractor for all that he has done, the owner is to become responsible to all whom the contractor has neglected to pay, when liens are docketed after the payment is made; because, in consequence of the refusal, neglect, or inability, of the contractor to complete his contract, the owner is compelled to employ some body else to do so.

The last reason assigned for this judgment would scarcely seem to require a serious answer. It is enough to say, that if the owner has the benefit of the plaintiff's work upon the building, he has paid for it to the contractor, before he had notice of the non payment by the contractor of the plaintiff's claims, and upon no principle can he be required to pay for it over again.

Judgment reversed.